

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS
XXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Olin Culberson, Chairman
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. O-7095
Re: Whether casinghead gas, which has not been processed or put through a gasoline plant for the removal of hydrocarbons, can be legally utilized for the manufacture of carbon black where the recovery is less than 5 pounds of carbon black to each 1,000 cubic feet of casinghead gas.

Your letter of February 11, 1946, reads as follows:

"The Railroad Commission of Texas has had a request to grant authority to utilize casinghead gas, which has not been processed or put through a gasoline plant for the removal of hydrocarbons, in a channel-black plant making carbon black.

"This casinghead gas is in the category of sweet gas. The channel carbon black plant will not recover five pounds per thousand cubic feet.

"QUESTION: If casinghead gas, which is classified as sweet gas, does not go through a gasoline plant for the extraction of hydrocarbons, can the Railroad Commission authorize it to be burned for carbon black where the recovery is less than the five pounts per cubic feet of gas."

Your question is no doubt propounded in the light of Section 3 of Article 6008, Vernon's Annotated Civil Statutes, particularly subsection (i) thereof which provides:

"The production, transportation, or use of natural gas in such manner, in such amount, or under such conditions as to constitute waste is hereby declared to be unlawful and is prohibited. The term "waste" among other things shall specifically include:

". . .

"(1) The use of natural gas for the manufacture of carbon black without first having extracted the natural gasoline content from such gas, except where it is utilized in a plant producing an average recovery of not less than five (5) pounds of carbon black to each one thousand (1,000) cubic

feet of gas it shall not be necessary to first extract the natural gasoline content from such gas.

". . ."

Prior to its amendment by the 47th Legislature (Acts 1941, page 117, chapter 91) Subsection (i) read as follows:

"(i) The use of natural gas for the manufacture of carbon black without first having extracted the natural gasoline content from such gas."

In opinion No. O-2199, dated April 25, 1940, addressed to Mr. John E. Taylor, Chief Supervisor, Oil and Gas Division, Railroad Commission of Texas, this Department held, among other things, that casinghead gas may be used in the manufacture of carbon black "without the imposition of the limitations in subsection (i) of section 3 of Article 6008." This opinion was written in the light of Subsection (i) as it read prior to the 1941 amendment, but the conclusion applies to present Subsection (i) with equal relevancy.

In addition to and apart from the reasons advanced in Opinion No. O-2199, we are of the opinion that its conclusion is compelled by the following additional statutes.

Article 6008, Section 3, Subsection (g) provides:

"(g) The escape into the open air, from a well producing both oil and gas, of natural gas in excess of the amount which is necessary in the efficient drilling or operation of the well." (One of enumerated specific definitions of "waste.")

Article 6014, Section (a) provides:

"The production, storage or transportation of crude petroleum oil or of natural gas in such manner, in such amount, or under such conditions as to constitute waste is hereby declared to be unlawful and is prohibited. The term "waste" among other things shall specifically include:

"(a) The operation of any oil well or wells with an inefficient gas-oil ration, and the Commission is hereby given authority to fix and determine by order such ratio; provided that the utilization for manufacture of natural gasoline of gas produced from an oil well within the permitted gas-oil ration shall not be included within the definition of waste."

The foregoing statutes specifically regulate the production of cashing head gas and are controlling upon matters of statutory waste. "Casinghead gas is nothing other than gas from an oil well;" Mussellem v. Magnolia Petroleum Co., 107 Okla. 183, 231 Pac. 526. "There is a well defined distinction in law between gas produced from a gas well and cashinghead gas. The latter is that which flows from oil wells . . ."

Humble Oil & R fining Co. v. Poe, 29 S.W. (2d) 1019 (Commission of Appeals). This construction of the term "casinghead gas" has also been adopted in the following cases: Mullendore v. Mennehoma Oil Co. (246 Pac. 837); Utilities Production Corp. v. Carter Oil Co., 72 Fed. (2d) 655; General Petroleum Corp. of California v. United S ates, 24 Fed. Sup. 285; Brea Cannon Oil Co. v. Commission of Internal Revenue, 77 Fed. (2d) 67.

Thus it is that casinghead gas is defined as follows in subsection (i), Section 2, Article 6008: "The term 'casinghead bas' shall mean any gas and/or vapor indigenous to an oil stratum and produced from such stratum with oil." Subsection (h) section 2, Article 6008 defines "sweet gas" as meaning "all natural gas except 'sour gas' and 'casinghead gas.'" The fact that the casinghead gas which is the subject of your letter is described as being "in the category with sweet gas" doesnot affect the application of the statutes regulating casinghead gas as such. We held in Opinion No. 0-1760 dated March 13, 1940, addressed to Mr. John E. Taylor, Chief Supervisor, Oil and Gas Division, Railroad Commission, that the term "casinghead gas" is restricted to gas which is produced from an "oil well" as that term is defined in subsection (e) of Section 2, Article 6008, and the terms "sweet gas" and "sour gas" to gas produced from a "gas well" as that term is defined in Subsection (d), Section 2 of Article 6008.

Casinghead gas not being produced separately but only as an incident to the production of oil, section (a) of Article 6014 authorizes the Railroad Commission to fix the efficient gas-oil ratio for such production. The gas produced under the fixed ratio may, under Subsection (g), Section 3, Article 6008, be permitted to escape into the open air and the proviso of Section (a), Article 6014, is a specific legislative declaration that the utilization of this casinghead gas for the manufacture of natural gasoline shall not be included within the definition of statutory waste. Therefore, casinghead gas is removed from the operation of subsection (i), Section 3, Article 6008, the purpose of which is the conservation of the natural gasoline content.

It is manifest, however, that any beneficial use of casinghead gas lawfully produced (any production in excess of the efficient and fixed gas-oil ratio being of course unlawful), rather than its escape into the open air, would be in the public interest and is contemplated by subsection (3), Section 7, Article 6008, providing as follows:

"(3) Casinghead gas may be used for any beneficial purpose, which includes the manufacture of natural gasoline."

Accordingly, it is the opinion of this department that casinghead gas which has not been processed for the removal of hydrocarbons may be legally utilized for the manufacture of carbon black where the recovery will be less than five pounds of carbon black to each one thousand cubic feet of casinghead gas.

Yours very truly

ZCC:ms:egw
APPROVED FEB 26, 1946
/s/ CARLOS ASHLEY
FIRST ASSISTANT ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By /s/ Zollie C. Steakley
Assistant